IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RONALD ANDRE GOODSON, # 149540,   *
                                                          *
    Petitioner,                         *
                                                          *
vs.                                        * CIVIL ACTION NO. 23-00303-KD-B
                                                          *
PHYLLIS MORGAN,               *
                                                          *
    Respondent.                    *

**REPORT AND RECOMMENDATION**

Petitioner Ronald Andre Goodson, an Alabama state prison inmate proceeding *pro se*, filed a petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 and a motion to proceed without prepayment of fees. (Docs. 1, 2).[1] This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 8(b) of the Rules Governing Section 2254 Cases, and S.D. Ala. GenLR 72(a)(2)(R). For the reasons set forth below, the undersigned recommends that this action be **TRANSFERRED** to the United States District Court for the Middle District of Alabama, Southern Division.

Goodson is incarcerated at William E. Donaldson Correctional Facility, which is located in Bessemer, Alabama. Bessemer lies in

---

[1] Given the recommended disposition of this action by this Court, the undersigned submits that the assessment and collection of any filing fee should be undertaken by the United States District Court for the Middle District of Alabama.

Jefferson County, Alabama, which is located in the Northern District of Alabama, Southern Division. See 28 U.S.C. § 81(a)(3). In the instant § 2254 habeas petition, Goodson is challenging his conviction and sentence by a state court in Houston County, Alabama, which is located in the Middle District of Alabama, Southern Division. See id. at § 81(b)(2).

A federal district court is authorized under § 2254 to entertain a petition for writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2254(a). Where a § 2254 petition is filed by a prisoner in a state, like Alabama, that contains two or more federal judicial districts, "concurrent jurisdiction exists in both the district of confinement and the district in which the sentence was imposed." Crenshaw v. Myers, 2018 U.S. Dist. LEXIS 32486, at *1-2, 2018 WL 1100905, at *1 (N.D. Ala. Jan. 23, 2018), report and recommendation adopted, 2018 U.S. Dist. LEXIS 32007, 2018 WL 1089755 (N.D. Ala. Feb. 28, 2018); see 28 U.S.C. § 2241(d).[2]

---

[2] Section 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the

As noted *supra*, Goodson is currently confined in the Northern District of Alabama, and the state court which convicted and sentenced him is located in the Middle District of Alabama. Thus, as provided in § 2241(d), this Court is not one of the district courts with concurrent jurisdiction over Goodson's § 2254 habeas petition. Consequently, this Court lacks jurisdiction to consider his petition.

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed. See 28 U.S.C. § 1631. "In this circuit, it is well recognized that the district of conviction is generally the most convenient and appropriate venue for a challenge to a state conviction or sentence, and the courts of this circuit generally transfer such petitions to the district of conviction." Wynn v. Butler, 2014 WL 4829553, at *2 (S.D. Ala. Sept. 29, 2014). Because Goodson is proceeding *pro se* and seeking habeas corpus relief, and because

---

district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d).

3

his district of conviction would appear to be the most convenient and appropriate venue, the undersigned finds that it would be in the interest of justice to transfer this case to the United States District Court for the Middle District of Alabama under § 1631.

Accordingly, it is recommended that this § 2254 habeas action be **TRANSFERRED** to the United States District Court for the Middle District of Alabama, Southern Division.[3]

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on

---

[3] In recommending the transfer of Goodson's habeas petition, the undersigned expresses no opinion as to the timeliness or the merits of his claims.

4

appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **10th** day of **August, 2023.**

                                          **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**